Submitted on record and briefs March 24, affirmed June 14, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD LYNN MOORE,
*Appellant.*

(C88-01-30244; CA A49170)

775 P2d 906

Jeffrey A. Long, Tualatin, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant invites us to examine the constitutionality of the portion of the 1986 so-called Victims' Rights Bill that gives the state the same number of peremptory challenges as the defense. ORS 136.230(1).[1] We decline to do so.

Defendant argues that, although his right to a fair trial by an impartial jury is not violated by either a reduction in the number of peremptory challenges or a less than unanimous jury verdict alone, it *is* violated by a combination of those. However, he does not allege that he was prejudiced in any way by the actual procedure. Before trial, he moved either for additional peremptory challenges or for a reduction in the number of peremptories afforded the state or, alternatively, for a unanimous jury verdict. The record does not show that he exercised any of his peremptory challenges so that he could have been prejudiced by a denial of his claim to additional challenges or that he was convicted by a less than unanimous verdict. On this record, defendant's arguments are abstract and, therefore, we cannot address them.

Affirmed.

---

[1] ORS 136.230(1) was amended in 1986 to provide:

"If the trial is upon an accusatory instrument in which one or more of the crimes charged is punishable with imprisonment in a Department of Corrections institution for life or is a capital offense, both the defendant and the state are entitled to 12 peremptory challenges, and no more. In any other trial, both are entitled to six."

Before the amendment, a defendant charged with a crime punishable by life imprisonment was entitled to 12 and the state to six peremptory challenges. In any other trial, the defendant was entitled to six and the state to three challenges.