Submitted on record and briefs August 25, affirmed November 8, 1989, reconsideration denied January 26, petition for review denied May 3, 1990 (310 Or 60)

STATE OF OREGON,
*Respondent,*

*v.*

BARRY JAMES DUVIGNEAUD,
*Appellant.*

(87-2746-A-C-2; CA A48192)

781 P2d 1241

Gary D. Babcock, Public Defender, and David E. Groom, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Jonathan H. Fussner, Assistant Attorney General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., specially concurring.

**ROSSMAN, J.**

Defendant appeals his conviction for aggravated murder, felony murder and robbery in the first degree, arguing, *inter alia,* that the trial court erred in denying his "Motion to Preclude Removal of Scrupled Jurors."[1] We affirm.[2]

Defendant was charged with aggravated murder, making it possible that he could receive the death penalty. He filed a pre-trial motion requesting that scrupled jurors—those opposed to the death penalty—not be excused for cause. When the trial court considered that motion, the parties agreed that, under current state and federal law, scrupled jurors may be removed for cause only if it is established that they invariably will vote against the death penalty, regardless of the facts or circumstances. During jury selection, the trial court asked prospective jurors whether they had strong feelings about the death penalty and, over defendant's objection, excused several who stated unequivocally that they could not or would not vote for the death penalty. Three of those jurors were excused without permitting defense counsel to attempt to rehabilitate them.

Defendant contends that, by dismissing scrupled jurors for cause, the trial court effectively "death-qualified" the jury. He asserts that certain studies demonstrate that such juries are conviction-prone, less likely to find a defendant guilty of a lesser-included offense and less likely to find an accused not guilty by reason of mental disease than are more "balanced" juries. He argues that the trial court's removal of scrupled jurors thus denied him the fair, impartial and representative jury required by Article I, section 11, of the Oregon Constitution.

The Oregon Supreme Court addressed that argument

---

[1] Defendant's contention that the trial court erred in excusing certain jurors for cause without giving defense counsel an opportunity to rehabilitate them is also without merit. In examining the jurors' beliefs about capital punishment, the trial court asked completely open-ended questions. It then permitted defense counsel to question any individual who indicated that there was *some* case in which he or she could vote for the death penalty. *Voir dire* was under the trial court's control, and it did not abuse its discretion by refusing to permit further questions of jurors who already had stated unambiguously that they would never vote to impose the death penalty.

[2] None of defendant's other assignments of error warrants discussion.

in *State v. Leland,* 190 Or 598, 625, 227 P2d 785 (1951), *aff'd* 343 US 790, 72 S Ct 1002, 96 L Ed 1302 (1952), holding that the state has the right to reject jurors who are opposed to capital punishment. That is the current state of the law in Oregon, and any change must come from the Supreme Court.

Affirmed.

**WARREN, J.,** specially concurring.

The lead opinion goes further than it needs to in deciding this case. Defendant did not receive the death penalty. Therefore, his argument relates only to his conviction. Defendant's argument is based on studies that purport to prove that jurors who are willing to impose a death penalty are more likely to convict than jurors who are not. That is not *evidence* of bias. Defendant is unable to point to any *fact* indicating that any of the jurors who tried this case was actually biased. *See* ORCP 57D(1)(g); ORS 136.210(1). Moreover, defendant does not argue that any of the jurors should have been excluded for implied bias under ORS 136.220; nor does he argue that ORS 136.220 is unconstitutional. In essence, defendant is arguing only that the possibility exists that his jury was biased. We should not entertain arguments based on conjecture. *See State v. Moore,* 97 Or App 265, 775 P2d 906 (1989).